IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-cr-30016 |
| ) | |
| LYNARD JOINER, ) | |
| ) | |
| Defendant. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Lynard Joiner's Amended Motion for Modification of Sentence (d/e 41) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motion is DENIED.

## I. BACKGROUND

On September 23, 2016, Defendant pled guilty to possessing with the intent to distribute a substance containing cocaine base in violation of 21 U.S.C. § 841(a)(1), as charged in Count Four of the Indictment. According to the Presentence Investigation Report (PSR) prepared for Defendant's sentencing, Defendant qualified as a career offender under the United States Sentencing Guidelines.

PSR (d/e 22), ¶ 30.  As a result, Defendant's imprisonment guideline range was 188 to 235 months.  See id. ¶ 92.

On January 30, 2017, the Court sentenced Defendant to 96 months' imprisonment and 6 years of supervised release.  Defendant did not object to his classification as a career offender at his sentencing hearing.  Counts One, Two, Three, and Five of the Indictment were dismissed at Defendant's sentencing.

Defendant is currently serving his sentence at USP Marion and has a projected release date of December 25, 2021.  As of July 21, 2020, the Bureau of Prisons (BOP) reports that USP Marion currently has 13 confirmed cases of COVID-19.  See BOP: COVID-19 Update, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed July 21, 2020).

On July 9, 2020, Defendant filed a pro se motion for compassionate release (d/e 37) pursuant to 18 U.S.C. § 3582(c)(1)(A).  On July 17, 2020, following the appointment of the Federal Public Defender's Office to represent Defendant, an Amended Motion for Modification of Sentence was filed.  Defendant, who is 31 years old, requests compassionate release based on his body mass index (BMI) of 28.9, his hypertension, his rehabilitative

efforts while incarcerated, and the COVID-19 pandemic. Defendant also takes issue with his career offender designation.

Defendant proposes to live with his cousin and her two children if Defendant is released from custody. The United States Probation Office, in a Memorandum (d/e 44) addressing Defendant's request for compassionate release, concludes that Defendant's cousin's house is a suitable residence for Defendant.

On July 19, 2020, the Government filed a Response Opposing Defendant's Motion for Compassionate Release (d/e 42). The Government argues that Defendant's request for compassionate release should be denied because Defendant has not exhausted his administrative rights with the BOP. The Government also notes that Defendant's medical records do not corroborate Defendant's claim that he suffers from hypertension and that, according to the Centers for Disease Control and Prevention (CDC), Defendant's BMI does not place him at increased risk from COVID-19.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist,

one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194. Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief. With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate's request was received by the BOP, whichever is earlier. The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the

> factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment. The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons. Due to the infectious nature of the virus, the CDC and state governments have advised individuals to practice good hygiene, social distancing, and isolation. Social distancing can be difficult for individuals living in a prison.

However, the circumstances that Defendant currently faces do not warrant a reduction in his term of imprisonment. While USP Marion has 13 confirmed cases of COVID-19, there is no reason to believe that Defendant faces a significant risk of severe complications from COVID-19. Defendant is only 31 years old and does not suffer from hypertension. Further, while Defendant is

overweight, his BMI of 28.9 does not, according to the CDC, place him at increased risk from COVID-19.  See People Who Are at Higher Risk for Severe Illness - Coronavirus, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last accessed July 21, 2020) (stating that obese individuals—those with a BMI of 30 or higher—are at increased risk of severe illness from COVID-19).

In addition, while Defendant now speculates that he was improperly classified as a career offender at his sentencing hearing, the term of imprisonment the Court imposed on Defendant was 50% lower than the bottom of Defendant's career-offender imprisonment guideline range.  The Court, taking all the relevant facts into account, finds that Defendant has not established that there exist extraordinary and compelling reasons that warrant a reduction in his term of imprisonment.

### III. CONCLUSION

For the reasons set forth above, Defendant Lynard Joiner's Amended Motion for Modification of Sentence (d/e 41) and Defendant's pro se motion for compassionate release (d/e 37) are

DENIED.

ENTER:  July 21, 2020

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE